In re: Shao Ke

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of October, two thousand fifteen.

PRESENT: DENNIS JACOBS,
        PIERRE N. LEVAL,
                <u>Circuit Judges</u>,
        GEOFFREY W. CRAWFORD,[*]
                District Judge.

- - - - - - - - - - - - - - - - - - - -X
SHAO KE,
      <u>Defendant-Appellant</u>,

      -v.-                  14-3824

JIANRONG WANG,
      <u>Plaintiff-Appellee</u>.
- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**       EDWARD E. KOPKO, EDWARD E. KOPKO LAWYER, P.C., Ithaca, New York.

---

[*] The Honorable Geoffrey W. Crawford, United States District Judge for the District of Vermont, sitting by designation.

**FOR APPELLEE:**                    EDWARD Y. CROSSMORE, THE
                                     CROSSMORE LAW OFFICE, Ithaca,
                                     New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Shao Ke appeals from a judgment of the United States District Court for the Northern District of New York (Suddaby, J.), which affirmed an earlier judgment of the United States Bankruptcy Court for the Northern District of New York (Davis, J.)("bankruptcy court"), that a debt owed by Ke to his one-time business partner, Jianrong Wang, was nondischargeable in personal bankruptcy. See also 11 U.S.C. § 523(a)(4). The bankruptcy court and the district court held that Ke's debt was nondischargeable because it was incurred by intentional or extremely reckless conduct constituting fraud or defalcation of Peace Food Inc. ("Peace Food"), a business Ke co-owned with Wang between 2004 and 2006.

"Our review of a district court decision affirming a bankruptcy court order is plenary . . . We therefore independently review the factual findings and legal conclusions of the bankruptcy court . . . We must accept the bankruptcy court's findings of fact unless clearly erroneous; conclusions of law are reviewed de novo." In re Petrie Retail, Inc., 304 F.3d 223, 228 (2d Cir. 2002).

**1.** Ke argues that the bankruptcy court should have been precluded from deciding the issue of Ke's intent because Wang failed to raise that issue in a prior litigation in the New York State Supreme Court ("state court").

Collateral estoppel applies to findings only if [i] they were "actually determined" and necessary to support judgment in a prior action, Bobby v. Bies, 556 U.S. 825, 834 (2009); and [ii] the party opposing preclusion had a "full and fair opportunity" to litigate the identical issue in the prior action. In re Hyman, 502 F.3d 61, 65 (2d Cir. 2007). Neither consideration supports preclusion here. The issue

2

decided in the state court was whether Ke breached his fiduciary duty when he failed to account for Peace Food's corporate revenue during his tenure as a fiduciary of that business. As construed under New York state law, breach of fiduciary duty does not require proof of a particular mental state. See Hyman, 502 F.3d at 69 ("[M]isappropriation and breach of fiduciary duties apparently do not, under New York law, consistently require proof of a culpable mental state."). By contrast, defalcation under 11 U.S.C. § 523(a)(4) requires a showing that the faithless fiduciary committed an "intentional wrong," which incorporates a standard of conscious misbehavior or extreme recklesness. Bullock v. BankChampaign N.A., 133 S. Ct. 1754, 1759 (2013). The state court therefore had no occasion or necessity to make a finding as to Ke's mental state or intent.

**2.** Ke argues that the New York Supreme Court, Appellate Division's ("state appellate court") decision to restore Ke's ownership stake in Peace Food implies a finding that Ke did not intentionally breach his fiduciary duty. We disagree. See Bacon v. Texas, 163 U.S. 207, 226 (1896) ("This particular finding is in no way dependent upon the others, and they are all entirely separate and distinct from one another."). Ke has conflated two distinct issues. The state appellate court's modification in no way inhibits a separate and distinct conclusion that Ke also breached his fiduciary duty to that business. The "finding on which [Ke] seek[s] to . . . appeal involves issues entirely separate and distinct from the . . . analysis at issue" before the bankruptcy court and on appeal before this Court. Jones v. Parmley, 465 F.3d 46, 65 (2d Cir. 2006).

**3.** We further reject Ke's arguments addressing the bankruptcy court's fact finding and the sufficiency of the evidence; they are without merit.

For the foregoing reasons, and finding no merit in Ke's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK